Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN R. KAGLE,<br><br>   Plaintiff,<br><br>  v.<br><br>RESOCORE ASSET MANAGEMENT INC. and EQUIFAX INFORMATION SERVICES LLC,<br><br>   Defendants. | Case No. 5:20-cv-00326<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*.**<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, RYAN R. KAGLE, through undersigned counsel, complaining of RESOCORE ASSET MANAGEMENT INC. and EQUIFAX INFORMATION SERVICES LLC as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Resocore Asset Management Inc.'s violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*. and Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. RYAN R. KAGLE ("Plaintiff") is a natural person, who at all times relevant resided in Hemet, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

8. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

9. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

10. RESOCORE ASSET MANAGEMENT INC. ("Resocore") is a corporation organized and existing under the laws of the state of California.

11. Resocore has a principal place of business at 2366 Gold Meadow Way, Suite 260, Gold River, California 95670.

12. Resocore is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Resocore's business is the collection of debt.

13. Resocore is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

14. Resocore is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

15. Resocore is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

16. EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a limited liability company organized under the laws of Georgia.

17. Equifax has a principal place of business at 1550 Peachtree Street, NW, Atlanta,

Georgia 30309.

18.   Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

19.   Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

20.   On March 30, 2015, Plaintiff purchased a JL Audio JX1000/1D 1000 Watt RMS Monoblock Class D Subwoofer Amplifier and tweeters from Audio Systems and was billed $566.81.

21.   To pay for the goods, he signed an agreement titled "FlexPay Plus ACH Debit Authorization" (the "Contract"), in which he agreed to pay $72.90 as a down payment and authorized Kahuna Payment Solutions to debit the sum of $72.98 from his bank account each month, for a total of 15 months.

22.   Plaintiff last paid on August 14, 2015.

23.   Plaintiff's $1,094.70 residual balance was referred for collection.

24.   Plaintiff's $1,094.70 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.   Plaintiff's $1,094.70 balance is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

### *6:18-bk-12341-SY In re Ryan Roy Kagle*

26.   On March 22, 2018, Plaintiff filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code").

27.   The schedules filed by Plaintiff listed this $1,094.00 debt on Schedules E/F: Creditors Who Have Unsecured Claims.

28.   On July 7, 2018, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 727.

3

**Credit reporting issues**

29. Plaintiff viewed his 3-Bureau Credit Report.

30. Plaintiff observed Resocore reporting Plaintiff's "[b]alance" as $1,094.00.

31. Moreover, Plaintiff observed Resocore ***did not*** report Plaintiff's account as "[d]ischarged in bankruptcy."

32. On December 26, 2019, Plaintiff mailed dispute letters to Equifax, Experian and TransUnion by Certified Mail®.

33. On December 30, 2019, Equifax received Plaintiff's dispute.

34. Equifax promptly notified Resocore of Plaintiff's dispute by sending an ACDV.

35. On January 2, 2020, TransUnion received Plaintiff's dispute.

36. TransUnion promptly notified Resocore of Plaintiff's dispute by sending an ACDV.

37. In response, TransUnion deleted this item from Plaintiff's credit report.

38. On January 3, 2020, Experian received Plaintiff's dispute.

39. Experian promptly notified Resocore of Plaintiff's dispute by sending an ACDV.

40. In response, Experian updated this item to reflect Plaintiff's discharge.

41. Plaintiff, however, ***did not*** receive dispute results from Equifax.

42. Consequently, on February 13, 2020, Plaintiff pulled an Equifax credit report.

43. Plaintiff's Equifax credit report stated, in part:

| | |
|---|---|
| Account Name | KAHUNA PAYMENT SOLUTIONS |
| Account # | RAM1R0XXXXXXXXXXXXXX |
| Original Creditor | KAHUNA PAYMENT SOLUTIONS |
| Company Sold | - |
| Account Type | COLLECTION |
| Date Opened | Oct 07, 2016 |
| Account Status | - |
| Payment Status | Unpaid |
| Status Updated | Jan 21, 2020 |
| Balance | $1,094 |
| Balance Updated | - |
| Original Balance | $1,094 |
| Monthly Payment | - |
| Past Due Amount | - |

|  |  |
|---|---|
| Highest Balance | - |
| Terms | - |
| Responsibility | Individual Account |
| Your Statement | - |
| Comments | - |

44. Notably, Resocore *was not* reporting Plaintiff's account as "[d]ischarged in bankruptcy."

## False or misleading representations

45. On January 29, 2020, Resocore sent Plaintiff "Verification of Debt."

46. This letter stated, in part:

<u>Account Balance Information</u>
| | |
|---|---|
| Assigned Amount | $1,094.70 |
| Principal Due | $1,094.70 |
| Total Interest Due (Post Charge Off) | $362.60 |
| Total Balance as of the date of this letter | $1,457.30 |

47. This letter only increased Plaintiff's confusion as to whether he owed $1,094.00 (as reported to CRAs) **or** $1,457.30 **or** $0.00 (in light of Plaintiff's Chapter 7 discharge).

## Damages

48. To date, Resocore continues to furnish *false* information concerning Plaintiff to Equifax.

49. Defendants' *false* reporting continues to harm Plaintiff.

50. Specifically, Defendants' *false* reporting has led to anxiety, distrust, and distress, expenditure of monies (in form of postage), expenditure of time, frustration and mental anguish.

51. Furthermore, Defendants' *false* reporting has rendered Plaintiff absolutely helpless to regain control of his credit standing and creditworthiness.

52. Defendants' *false* reporting has led to deprivation of opportunities for credit she was likely to obtain but for Defendants' *false* reporting.

53. In other words, Defendants' *false* reporting adversely affected Plaintiff's credit rating and his ability to obtain credit/favorable terms because it creates a materially misleading impression that Plaintiff in in default; rendering Plaintiff "high-risk" – destroying his creditworthiness.

54. As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's Loan completely.

## CLAIMS FOR RELIEF

### COUNT I:
### Resocore's violation(s) of 15 U.S.C. § 1692 *et seq.*

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

56. Section 1692e provides:

> A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
>   (A) the character, amount, or legal status of any debt.
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57. Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A). *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.,* 911 F. Supp. 2d 1, 59 (D. Mass. 2012); *Hepsen v. Resurgent Capital Services, LP*, 383 Fed. Appx. 877, 2010 WL 2490734, at *3 (11th Cir. 2010).

6

58. Resocore violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by stating conflicting amounts in Plaintiff's credit report and letter(s).

59. Resocore violated 15 U.S.C. § 1692e(8) by reporting Plaintiff's balance as "$1,094" to Equifax when it knew (or should have knew) of Plaintiff's discharge.

60. Resocore violated 15 U.S.C. § 1692e(8) by reporting Plaintiff's balance as "1,094" to Equifax when it knew Plaintiff's balance to be $1,457.30.

61. Resocore violated 15 U.S.C. § 1692e(8) by failing to notate that Plaintiff's balance is discharged in bankruptcy to Equifax when it knew (or should have known) of Plaintiff's discharge.

62. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(2)(A), e(8) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Resocore violated 15 U.S.C. § 1692e(2)(A), e(8) and e(10);

B. award any actual damage sustained by Plaintiff as a result of Resocore's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## COUNT II:
## Resocore's violation(s) of 15 U.S.C. § 1681 *et seq.*

63. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

64. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.  Resocore's failure to conduct an investigation**

65. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) Conduct an investigation with respect to the disputed information;

(B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C) Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i) Modify that item of information;

      (ii)  Delete that item of information; or

      (iii)  Permanently block the reporting of that item of information.

66. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Resocore received Plaintiff's dispute letters from Equifax, Experian and TransUnion.

67. Resocore violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

68. Resocore violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian and TransUnion.

69. Had Resocore conducted a reasonable investigation to determine whether the disputed information was inaccurate, Resocore would have discovered that Plaintiff's account was discharged in bankruptcy; and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

70. Resocore violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax, Experian and TransUnion.

71. Resocore violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

72. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

  (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

73. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

74. Resocore's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Resocore in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of Resocore's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

# COUNT III:
### Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.*

75. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.  Equifax's failure to follow reasonable procedures**

76. Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

77. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

78. Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate/incomplete consumer reports concerning Plaintiff.

79. Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.  Equifax's failure to conduct a reasonable investigation**

80. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in his credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

81. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute.

82. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to Resocore before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's dispute.

83. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute.

84. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

85. Equifax violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute in each consumer report that includes the disputed information.

86. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

   (1)

      (A)   any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

   (2)   such amount of punitive damages as the court may allow; and

   (3)   in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

87. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

   (1)   any actual damages sustained by the consumer as a result of the failure; and

   (2)   in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

88. Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by

circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.     award any actual damages to Plaintiff as a result of Equifax's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

## COUNT IV:
### Resocore's violation(s) of Cal. Civ. Code § 1788 *et seq*.

89.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.17**

90.     California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

91.     As alleged, Resocore violated 15 U.S.C. §§ 1692e(2), e(8), and e(10); therefore violating Cal. Civ. Code § 1788.17.

92. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff request the following relief:

A. a finding that Resocore violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Resocore's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 19, 2020

Respectfully submitted,

**RYAN R. KAGLE**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com